## COAL TOWNSHIP APPEALS.

PHILADELPHIA AND READING COAL AND IRON
COMPANY, Appellant.*

No. 120, January Term, 1935.

EBENEZER GREENOUGH ESTATE, Appellant.*

No. 122, January Term, 1935.

The Philadelphia and Reading Coal and Iron Company owns in fee over forty-three hundred contiguous acres of coal land in Coal Township. It also owns the mineral rights, or "coal reserve" on over two hundred additional acres, and an undivided three-fourths interest in the so-called Hubley tract of one hundred and fifty-eight acres. The Ebenezer Greenough Estate owns thirty-nine-fortieths of another tract known as the Hepburn tract, and an equal share of the remaining quarter interest in the Hubley property. These last two tracts are mined by the company under a royalty agreement. Both owners have appealed to this court from the valuations placed on their properties in Coal Township at the 1931 triennial assessment, as revised by the court below.

Included in these assessments are those placed upon the Hubley and the Green properties which we have referred to in our general discussion. In our opinion the court below erred in valuing these tracts at a figure greatly in excess of the price for which they were sold at a time when the market for coal lands was better than in the year of the assessment (1931), and when there was more coal underlying the properties.

Four adjacent tracts in the central part of the township are almost virgin, and very little coal has been removed from them. We think the court below erred in

---

* The lands involved in these appeals are situate in Coal Township, Northumberland County.

placing extremely high values upon these tracts, which are not in production and which must be developed at considerable cost before the value of the coal deposits can be realized.

Certain other tracts lying to the south and east of the Borough of Shamokin, are partly developed, but it appears from the record that they are not now in operation. The Green tract is one of these. This land in its present state is held in reserve as are the virgin tracts. While this property has some added value because of the developments already made which will enable coal to be mined in the future at less expense, we feel that the court below erred in that it failed to give due weight to the fact that this property is not now in active operation because of the lack of demand for anthracite coal. Under the circumstances we think the assessments on these tracts should be reduced. Similar considerations apply to the assessments of the lands of which the company owns only the mineral rights, commonly called "coal reserve," which are in the neighborhood of Shamokin. While the court below made sufficient allowance, we think, for the fact that this coal reserve may not be freely mined because of the danger of causing subsidence or sinking at the surface, these assessments must be reduced in line with those on the adjoining properties owned in fee, as they are of the same character and stage of development.

On another tract, designated as the "John Brady," the colliery has been closed, the mine abandoned and permitted to fill with water. Furthermore, the coal here is largely exhausted. The witnesses for both sides agree that this property is of less value than the North Franklin Colliery property in Zerbe Township, which is also abandoned and which we shall hereafter mention. We think that in revising the assessment upon this tract the court below erred in failing to give sufficient weight to the factors of abandonment, high percentage of exhaustion, and loss of market for coal.

On the remainder of appellants' properties in this township, three collieries are operating. On one of these tracts (the Hubley) there is a fire which has been burning for over twenty years. This is a factor to which insufficient consideration was given in the revision of the assessments.

In general, as to all of the actively operated land in this township, the court below did not give due weight to the falling off of the market for anthracite coal. While property which is in active production is worth more than similar land which is idle, these lands do not have the value they possessed when the demand for coal was greater and the anthracite industry more prosperous.

For the reasons stated we feel that there should be a reduction in the assessments on most of these tracts. The modifications upon which we have decided, reduce the total assessments in these two appeals from $5,678,-193.50 to $4,936,427.51.

The decrees in No. 120, January Term, 1935, and No. 122, January Term, 1935, are modified, and the record remitted to the court below that an order may be made carrying into effect the modifications set forth in the appendix attached hereto. Costs to be paid by appellees.